■ ROSE SCOTT, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and COLE TRUCKING CO., INC., et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Kings County, entered March 7, 1960, as denied her motion for summary judgment and for leave to increase the *ad damnum* clause in her complaint from $100,000 to $200,000. Order modified by striking out the provision denying the motion insofar as it seeks to increase the *ad damnum* clause and by substituting therefor a provision granting such relief; and as so modified the order, insofar as appealed from, is affirmed, without costs. It was an improvident exercise of discretion under all the circumstances to deny leave to increase the amount of the damages claimed. Summary judgment, however, was properly denied, as issues of fact are presented which require a trial. Beldock, Acting P. J., Ughetta and Pette, JJ., concur; Christ and Brennan, JJ., concur in the modification of the order so as to grant the motion insofar as it seeks to increase the *ad damnum* clause, but dissent as to the affirmance of the order insofar as it denied the motion for summary judgment, and vote to grant the motion for summary judgment as against defendants Cole Trucking Co., Inc., and Jakulauskas, with the following memorandum: In our opinion, the record does not disclose any triable issue of fact as to the negligence of the defendants Cole Trucking Co., Inc., and Jakulauskas, or as to plaintiff's contributory negligence. Admittedly, the truck driver, defendant Jakulauskas, did not stop before entering the intersection where the accident occurred, although there were two "stop" signs, one on the left and the other on the right, as he approached the crossing. It was a clear, bright day. The claim that his view was obstructed by trees and parked automobiles is refuted beyond cavil by the photographic exhibits. The failure to stop was the proximate cause of the collision with the bus in which plaintiff was a passenger. On the undisputed facts, plaintiff was entitled to summary judgment as against the trucking corporation and its driver.